IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, MISSISSIPPI

ERICA BROWN, Individually and on
Behalf of All Wrongful Death Beneficiaries of
CARTER ANTHONY, Deceased

**PLAINTIFF**

VS.

CAUSE NO. 21CV051(cw)

ANDERSON REGIONAL MEDICAL CENTER,
ERICKA VAUGHN, M.D., SANDRA COLLINS, RNC,
and John Does 1-10

**DEFENDANTS**

FILED
APR 23 2021
Donna Jill Johnson
CIRCUIT CLERK

**COMPLAINT**
**Jury Trial Demanded**

Plaintiff, Erica Brown, individually and on behalf of all wrongful death beneficiaries of Carter Anthony, Deceased, files this Complaint against Defendants Anderson Regional Medical Center, Ericka Vaughn, M.D., Sandra Collins, RNC, and John Does 1-10. In support thereof, Plaintiff states the following:

## PARTIES

1. Plaintiff, ERICA BROWN is an adult resident citizen of Lauderdale County, Mississippi. Miss Brown is the natural mother of CARTER ANTHONY, Deceased.

2. Defendant, ANDERSON REGIONAL MEDICAL CENTER ("Anderson Regional"), is a licensed hospital, non-profit corporation organized and existing under the laws of the State of Mississippi. Anderson Regional has its principal office in Mississippi. It may be served with process of this Court by service upon its registered agent for service of process, Donna Herrington, located at 2124 14th Street, Meridian, Mississippi 39301.

3. Defendant, ERICKA VAUGHN, M.D., is a resident adult citizen of the State of Mississippi. She may be served with process of this Court at her principal place of

EXHIBIT "A"

business, Anderson Regional Medical Center, located at 2124 14th Street, Meridian, Mississippi 39301.

4. Defendant, SANDRA COLLINS, RNC, is a resident adult citizen of the State of Mississippi. She may be served with process of this Court at her principal place of business, Anderson Regional Medical Center, located at 2124 14th Street, Meridian, Mississippi 39301.

5. Defendants John Does 1-10 are unknown individuals and/or entities that are liable to Plaintiff for the damages as alleged herein. The names and capacities of Defendants John Does 1-10 inclusive, whether individual, corporate or otherwise, are presently unknown to Plaintiff, who therefore sues said Defendants by fictitious names and will further seek leave of this Honorable Court to amend this Complaint to show their true names and capacities when the same are ascertained. Plaintiff alleges upon information and belief that each of the Defendants designated herein as a Doe is responsible in some manner and liable herein to Plaintiff by reason of negligence, gross negligence, wanton and reckless misconduct, breach of warranty and/or in some other manner whether alleged herein in this Complaint or not, and by such wrongful conduct, said Defendants proximately caused the injury to Baby Carter.

## JURISDICTION AND VENUE

6. Jurisdiction and venue are proper in this Court given that the Plaintiff's claims arise solely under the laws of the State of Mississippi and the acts, omissions, or events on which the liability phase of the action is based, occurred, or took place in Lauderdale County, Mississippi. Further, the amount in controversy exceeds this Court's minimum jurisdictional requirement and the maximum jurisdictional requirements of county court.

7. Plaintiff has provided proper notice of claim to each Defendant pursuant to Miss. Code Ann. § 15-1-36(15) and allowed the statutory notice period in said statute to elapse prior to filing this civil action. Plaintiff served Anderson Regional, Ericka Vaughn, M.D., and Sandra Collins, RNC, with such notice via certified mail. This action is timely commenced pursuant to Miss. Code Ann. §15-1-36. Further, Plaintiff has complied with the requirements of Miss. Code Ann. §11-1-58 (1)(a).

## FACTS

8. On March 16, 2019, Erica Brown ("Erica" or "Miss Brown"), who was 34 weeks pregnant with her son, Carter Anthony ("Baby Carter"), arrived at Labor & Delivery at Anderson Regional in Meridian, Mississippi, complaining of back and abdominal pain. Nurses began monitoring the fetal heart rate at around 4:40 a.m. Given the fact that there are no physician's notes at this time, it is unclear whether Erica's primary obstetrician, Dr. Ericka Vaughn ("Dr. Vaughn"), was at the hospital when she arrived. The records show that Nurse Collins was primarily responsible for her care until delivery.

9. Almost immediately Nurse Collins and staff applied a fetal heart monitor. The fetal heart tracings indicated a baseline heartrate of 125 bpm, with minimal variability. This is considered a Category 2 fetal heart tracing, which requires close monitoring and possible action. At this point, Miss Brown was having strong contractions every 2-3 minutes.

10. The Category 2 fetal heart rate continued for quite some time. Unfortunately, there were also unexplained periods of time when it appears that the baby was not monitored at all. Of course, the baby or the monitor may have moved and required readjustment; however, given that this Category 2 heart tracing required close surveillance, it was imperative that

3

the monitor be readjusted as quickly as possible. This resulted in the failure to monitor Baby Carter's heart rate for long periods of time.

11. Around 5:20 a.m., the fetal tracings continue to show minimal to absent variability and a fetal heart rate in the 120's-130's. By this time, Erica had been on the fetal heart rate monitor for about 40 minutes with no improvement in the fetal heart rate. At this time, the minimum applicable standard of care required for a physician to evaluate Miss Brown and her baby to determine if continued surveillance or C-section was needed; unfortunately, it is unclear from the record whether Nurse Collins are other Anderson Regional staff had made Dr. Vaughn or any physician aware of this situation, which the minimum standard of care requires.

12. After 5:20 a.m., the baby was often not properly monitored. When the baby *was* monitored, the fetal heart rate typically remained in the 120's with a continued absence of variability and there were occasional variable fetal heart rate decelerations. While this fetal heart rate was still a Category 2, it should have been clear to Dr. Vaughn and Nurse Collins that the heart rate was worsening and moving toward a Category 3. More likely than not, delivery at this point would have allowed the baby to be born alive. Although difficult to determine from the medical records, this was likely around 7:10 a.m.

13. After this, the fetal heart rate became Category 3, the most urgent fetal heart rate category which requires immediate action be taken. Astonishingly, the fetal heart tracings for Baby Carter then disappeared, which is completely unacceptable when a Category 3 fetal heart rate is present. The minimum standard of care requires that babies with a Category 3 tracing must be monitored continuously until delivery. It is unknown whether there was sufficient cervical dilation or rupture of membranes to place a fetal scalp monitor, due to

the inadequate records. During the Category 3 stage, the fetal heart rate included periods of tachycardia, bradycardia, bradycardia with no variability, and finally recovery to the 120's with absent variability and deep variable decelerations.

14. Tragically, Baby Carter was not delivered until over an hour and a half later at 8:47 a.m., via cesarean section; he was deceased at delivery.

15. Simply put, there are several breaches in the minimum standard of care on the part of Dr. Vaughn, Nurse Collins, and Anderson Regional, including failure to properly monitor baby's heart rate, failure to react to a clearly deteriorating and dangerous situation, failure to have a physician monitor the situation, and failure to timely deliver Baby Carter. These breaches in the standard of care were the proximate cause of Baby Carter's death. More likely than not, absent these breaches, Baby Carter would have been born alive and would have survived with no permanent injuries.

16. Baby Carter was alive at 4:40 a.m. and his health was allowed to deteriorate over the course of four hours until he finally died. This was entirely due to poor monitoring and a failure to act on the part of Dr. Vaughn, Nurse Collins, and other Anderson Regional staff. As soon as Baby Carter was placed on the monitor, his Category 2 heart rate indicated that he was compromised. Crucially, **Carter's heart rate never improved to a Category 1; his Category 2 heart rate gradually worsened into a Category 3 until he ultimately died.**

17. Despite this continuously deteriorating situation, there is no indication that a physician was contacted, that a physician or nurse reacted in any way, or that internal monitoring was considered or attempted. Baby Carter could have been delivered alive any time between 4:40 a.m. and 8:00 a.m. Certainly, an emergency c-section should have been ordered when it was clear the Baby Carter's heart rate was deteriorating rather than improving.

Unfortunately, for whatever inexcusable reason, Dr. Vaughn and the Anderson staff delayed the delivery until 8:47 a.m., at which time it was too late, and upon the performance of the emergency c-section, Baby Carter was deceased. The pathology of the placenta revealed retroplacental hemorrhage and multiple hematomas on the back of the placenta. All of this is consistent with placental abruption, chronic and/or acute.

## CAUSES OF ACTION

## COUNT I – NEGLIGENCE OF ANDERSON REGIONAL MEDICAL CENTER

18. At all times pertinent hereto, Anderson held itself out as a hospital which could provide appropriate care to Miss Brown and Baby Carter, and that it could and would provide the necessary support staff and services to manage Miss Brown's and Baby Carter's condition. The hospital represented to Miss Brown and to the public at large that it was a competently staffed medical hospital providing comprehensive services. At all times mentioned herein, Anderson engaged its staff, as employees or agents, physicians, specialists, nurses, and other personnel and was operated by and through its agents and employees acting within the course and scope of their employment, including but not limited to Dr. Vaughn and Nurse Collins. The hospital is therefore vicariously liable for the negligence of any of its agents or employees in the practice of medicine or nursing care.

19. Anderson, in the course of rendering medical care to Miss Brown and Baby Carter, engaged in acts of commission and/or omission which constituted negligence and violated the minimum standard of care, and which ultimately resulted in the injuries sustained by and the death of Baby Carter. Specific instances of negligence include, but are not limited to the following:

    a. Failure to properly monitor and assess Baby Carter's condition;

    b. Failure to adequately supervise the physicians and/or nurses who provided care to Miss Brown and Baby Carter;

    c. Failure to appreciate the gravity of Baby Carter's condition and to intervene appropriately;

    d. Failure to properly train employees to recognize the severity of a patient presenting with Baby Carter's signs and symptoms and to provide appropriate treatment;

    e. Failure to exercise reasonable care in hiring the doctors, nurses, and/or other staff who caused or contributed to Baby Carter's injuries and death; and

    f. Other acts of negligence.

20. Plaintiff asserts that the above and foregoing instances of negligence proximately caused and/or proximately contributed to the injuries sustained by and ultimately the death of Baby Carter.

## COUNT II – NEGLIGENCE OF ERICKA VAUGHN, M.D.

21. Plaintiff re-alleges and incorporates herein by reference the allegations contained in the above and foregoing paragraphs.

22. At all times pertinent hereto, Dr. Vaughn held herself out to Miss Brown and the public as a skilled and qualified physician who is trained and experienced in obstetrics and gynecology.

23. At all pertinent times hereto, a physician/patient relationship existed between Dr. Vaughn and Miss Brown/Baby Carter. Dr. Vaughn, therefore, owed a duty to Miss Brown/Baby Carter to abide by and adhere to the applicable professional standards of care under the circumstances.

24. In the course of rendering medical care to Miss Brown/Baby Carter, Dr. Vaughn committed acts and/or omissions which constitute negligence and violate the standard of care. These acts or omissions resulted in substantial injuries to and, ultimately, the death of Baby Carter.

25. Specific instances of Dr. Vaughn's negligence include, but are not limited to the following:

    a. Failure to properly monitor and assess Baby Carter's condition;

    b. Failure to adequately supervise the nurses and/or other staff who attended Miss Brown/Baby Carter;

    c. Failure to appreciate the gravity of Baby Carter's condition and to intervene appropriately;

    d. Failure to order and/or execute a timely c-section once it was clear that Baby Carter's heart rate was not improving; and

    e. Other acts of negligence.

26. Plaintiff asserts that the above and foregoing instances of negligence proximately caused and/or proximately contributed to the injuries sustained by and ultimately the death of Baby Carter.

## COUNT III – NEGLIGENCE OF SANDRA COLLINS, RNC

27. Plaintiffs re-alleges and incorporates herein by reference the allegations contained in the above and foregoing paragraphs.

28. At all times pertinent hereto, Nurse Collins held herself out to Miss Brown and the public as a skilled and qualified registered nurse. Nurse Collins, therefore, had a duty to abide by and adhere to the applicable professional standards of care under the circumstances to Miss Brown and Baby Carter.

29. Nurse Collins, in the course of rendering medical care to Miss Brown and Baby Carter, committed acts and/or omissions which constituted negligence and violated the standard of care. These acts or omissions resulted in substantial injuries to and ultimately the death of Baby Carter.

30. Specific instances of Nurse Collins's negligence include, but are not limited to the following:

    a. Failure to properly monitor and assess Baby Carter's condition;
    b. Failure to appreciate the gravity of Baby Carter's condition and to intervene appropriately;
    c. Failure to alert a physician to intervene when Baby Carter's heart rate was deteriorating; and
    d. Other acts of negligence.

31. Plaintiff asserts that the above and foregoing instances of negligence proximately caused and/or proximately contributed to the injuries sustained by and ultimately the death of Baby Carter.

## DAMAGES

32. As a result of the negligence of the Defendants, Baby Carter experienced significant medical difficulties and ultimately died.

33. As a result of said injuries and death, Miss Brown has experienced pain and suffering, loss of enjoyment of life, emotional distress and has incurred past medical expenses, future medical expenses, and economic damages, including Baby Carter's lost earning capacity and other expenses. Such injuries and damages were proximately caused or contributed to by the negligent acts and/or omissions of the Defendants as stated above.

34. As a direct and proximate result of Defendants' negligent, grossly negligent, and reckless conduct, Baby Carter experienced conscious pain and suffering.

35. Though violative of the due process, equal protection, and separation of powers clauses of the Mississippi Constitution and United States Constitution, the pre-suit notice requirements and all applicable statutes relating to the filing of medical negligence claims have been satisfied.

36. Notwithstanding the void and unenforceable provisions of Section 11-1-58(1)(a) of the Mississippi Code, counsel for Plaintiff has reviewed the facts of the case and has consulted with at least one expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence, who is qualified to give expert testimony as to standard of care or negligence, and who Plaintiff's counsel reasonably believes is knowledgeable in the relevant issues involved in the particular action.

37. Counsel for Plaintiff has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action and attaches a certificate to that effect as **Exhibit A** to this Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that all Defendants be held individually, jointly, and severally liable to Plaintiff for all damages allowed under Mississippi law.

RESPECTFULLY SUBMITTED this the 21st day of April, 2021.

ERICA BROWN, Individually and on Behalf of the Wrongful Death Beneficiaries of CARTER ANTHONY, PLAINTIFF

By: Shane F. Langston, Esq.

**ATTORNEYS FOR PLAINTIFF:**
Shane F. Langston, MSB #1061
Rebecca M. Langston, MSB #99608
LANGSTON AND LANGSTON, PLLC
416 East Amite Street
Jackson, Mississippi 39201
Tel: 601-969-1356
Fax: 601-968-3866

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, MISSISSIPPI

ERICA BROWN, Individually and on
Behalf of All Wrongful Death Beneficiaries of
CARTER ANTHONY, Deceased                                    PLAINTIFF

VS.                                                      CAUSE NO._____

ANDERSON REGIONAL MEDICAL CENTER,
ERICKA VAUGHN, M.D., SANDRA COLLINS, RNC,
and John Does 1-10                                         DEFENDANTS

## CERTIFICATE OF PLAINTIFF'S ATTORNEY

1. My name is Shane Langston, Esq. I have personal knowledge of the matters and facts set forth herein, and I have full authority to execute this Certificate.

2. I am an attorney in good standing to practice law in the State of Mississippi. My Mississippi Bar Number is 1061.

3. Pursuant to Mississippi Code Annotated § 11-1-58(1)(a), I hereby certify that I have reviewed the facts of this case and have consulted with at least one (1) expert qualified pursuant to the Mississippi Rules of Civil Procedure and the Mississippi Rules of Evidence who is qualified to give expert testimony as to the standard of care and negligence in this case and who I reasonably believe is knowledgeable in the relevant issues involved in this particular action, and that I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action against the defendants.

This the 21st day of April, 2021.

_____
Shane F. Langston, Esq.

# EXHIBIT A

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, MISSISSIPPI

**ERICA BROWN, Individually and on
Behalf of All Wrongful Death Beneficiaries of
CARTER ANTHONY, Deceased**                                              **PLAINTIFF**

**VS.**                                                                  **CAUSE NO. 21CV051(CW)**

**ANDERSON REGIONAL MEDICAL CENTER,
ERICKA VAUGHN, M.D., SANDRA COLLINS, RNC,
and John Does 1-10**                                                     **DEFENDANTS**

---

### SUMMONS

---

THE STATE OF MISSISSIPPI

TO:   Sandra Collins, RNC
      2124 14th Street
      Meridian, Mississippi 39301
      OR WHEREVER SHE MAY BE FOUND

### NOTICE TO THE DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOU RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to **Shane F. Langston,** the attorney for the Plaintiff, whose address is 416 East Amite St., Jackson, Mississippi 39201. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the 4th day of May, 2021.



DONNA JILL JOHNSON
CIRCUIT CLERK OF LAUDERDALE COUNTY
P.O. Box 1005
Meridian, MS 39302

By: _Renee R Covert_
         Deputy Clerk

COPY

process to atty

IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, MISSISSIPPI

ERICA BROWN, Individually and on
Behalf of All Wrongful Death Beneficiaries of
CARTER ANTHONY, Deceased                                    **PLAINTIFF**

VS.                                                          CAUSE NO. 21CV051(CW)

ANDERSON REGIONAL MEDICAL CENTER,
ERICKA VAUGHN, M.D., SANDRA COLLINS, RNC,
and John Does 1-10                                          **DEFENDANTS**

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Dr. Ericka Vaughn, MD
      2124 14th Street
      Meridian, Mississippi 39301
      OR WHEREVER SHE MAY BE FOUND

## NOTICE TO THE DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOU RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to **Shane F. Langston,** the attorney for the Plaintiff, whose address is 416 East Amite St., Jackson, Mississippi 39201. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the 4th day of May, 2021.

                              DONNA JILL JOHNSON
                              CIRCUIT CLERK OF LAUDERDALE COUNTY
                              P.O. Box 1005
                              Meridian, MS 39302

                              By: Renee R Covert
                                  Deputy Clerk




process to atty

## IN THE CIRCUIT COURT OF LAUDERDALE COUNTY, MISSISSIPPI

**ERICA BROWN, Individually and on
Behalf of All Wrongful Death Beneficiaries of
CARTER ANTHONY, Deceased**　　　　　　　　　　　　　　　**PLAINTIFF**

**VS.**　　　　　　　　　　　　　　　　　　　　**CAUSE NO. 21CV051(CW)**

**ANDERSON REGIONAL MEDICAL CENTER,
ERICKA VAUGHN, M.D., SANDRA COLLINS, RNC,
and John Does 1-10**　　　　　　　　　　　　　　　　　**DEFENDANTS**

---

### SUMMONS

---

THE STATE OF MISSISSIPPI

TO:　Anderson Regional Medical Center
　　　Attn: Donna Herrington – Registered Agent
　　　2124 14th Street
　　　Meridian, Mississippi 39301
　　　OR WHEREVER SHE MAY BE FOUND

### NOTICE TO THE DEFENDANT

**THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOU RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to **Shane F. Langston,** the attorney for the Plaintiff, whose address is 416 East Amite St., Jackson, Mississippi 39201. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and seal of said Court, this the 4th day of May, 2021.

　　　　　　　　　　　　　　　　　DONNA JILL JOHNSON
　　　　　　　　　　　　　　　　　CIRCUIT CLERK OF LAUDERDALE COUNTY
　　　　　　　　　　　　　　　　　P.O. Box 1005
　　　　　　　　　　　　　　　　　Meridian, MS 39302

　　　　　　　　　　　　　　　　　By: _Renee R Couert_
　　　　　　　　　　　　　　　　　　　　Deputy Clerk

COPY

*process to atty*